```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

J.P. MORGAN CHASE BANK, N.A.,   )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 10 C 4856
                                )
MICHAEL SCHNEIDER, et al.,      )
                                )
            Defendants.         )

## MEMORANDUM OPINION AND ORDER

Nonlawyer Michael Schneider ("Schneider") has filed what he captions "Petition for Removal" (actually that former styling was long since changed to "notice of removal"--see 28 U.S.C. §1446(a)[1]--so that this opinion will simply employ "Notice" for convenience), seeking to bring this action from the Circuit Court of Will County to this District Court. Schneider attempts to establish federal subject matter jurisdiction on diversity of citizenship grounds under Section 1332(a)(1), by identifying plaintiff J.P. Morgan Chase Bank ("Chase") as a citizen of Ohio and New York in Notice ¶6 and alleging his own Illinois citizenship in Notice ¶5.[2]

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Schneider has ignored the naming of "Unknown Occupants" as codefendants in the state court Complaint. At one time that generic description would have destroyed diversity and precluded federal jurisdiction (see John Hancock Mut. Life Ins. Co. v. Cen. Nat'l Bank in Chicago, 555 F.Supp. 1026 (N.D. Ill 1983)), but Congress then amended Section 1441(a) to call for the disregard of fictitious-name defendants for removal purposes.

Schneider's problem, however, is that he has pleaded himself out of court--out of the federal court, that is.  Notice ¶2 is an extended narrative that explains Schneider's quarrel with the present state court action--one that would oust him from possession of a residence pursuant to a foreclosure proceeding that had eventuated in a November 28, 2007 Order Approving Report of Sale and Distribution and Order of Possession--is based on his claim that the November 2007 order is <u>void</u>.  And the rest of the Complaint pursues the same line of attack, so that Notice ¶7 states:

> Petitioner believes in good faith that the amount in controversy in this matter far exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. 1332(a).  In support of its good faith belief, Petitioner relies on the amounts made in counterclaim for the improperly filed foreclosure action in the Will Co. Circuit Court as well as the judgment entered by James Garrison without original subject matter jurisdiction as well as a total lack of jurisdiction to have entered the ORDER APPROVING REPORT OF SALE AND DISTRIBUTION AND ORDER OF POSSESSION, due to the pending appeal.

But the <u>Rooker</u>-<u>Feldman</u> doctrine precludes this Court from questioning the validity of the final foreclosure decree and the ensuing November 2007 order, so that the only arguable amount in controversy for removal purposes is the value of the possessory right sought to be enforced in the state court Complaint (copy attached)--a possessory right based on the foreclosure that this Court cannot challenge.  There is no way that possessory right can even arguably approach the over-$75,000 amount in controversy

2

required for federal jurisdiction under Section 1332(a).

Accordingly it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)). That absence of subject matter jurisdiction is unquestionable. Hence this Court orders the case remanded to the Will County Circuit Court forthwith pursuant to Section 1447(c), and the remand order shall be transmitted without delay so that the state court proceedings may resume promptly in the regular course.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 4, 2010

IN THE CIRCUIT COURT FOR THE 12TH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

JPMorgan Chase Bank, National Association )
    PLAINTIFF )
v. ) No. 10LM1983
) Return Date: , 2010
)
Michael Schneider and Unknown Occupants )
    DEFENDANTS )

## COMPLAINT

The Plaintiff claims as follows:

1. The Plaintiff is entitled to possession of the following described premises:

    126 Inner Court
    New Lenox, IL 60451

2. The Plaintiff claims possession of the property.

3. Defendants, Michael Schneider and Unknown Occupants have made peaceable entry onto the premises and unlawfully withhold possession thereof. Plaintiff is the holder of the Certificate of Sale and/or Judicial Sale Deed issued pursuant to the foreclosure sale on the subject property and is entitled to exclusive possession. No tenancy relationships exist or have previously existed between the parties. Exhibit "A" attached is a copy of the final order of the foreclosure.

The Plaintiff respectfully requests that this Honorable Court enter an order of possession in favor of the Plaintiff.

        Pierce & Associates, P.C.
        Attorney for Plaintiff

I, Thomas J. Vlach on oath state that I represent the Plaintiff in the above entitled action. The allegations in this complaint are true.

Under penalties as provided by law pursuant to ILL REV CHAP 110 – Sec 1-109 the above signed certifies that statements set forth are true and correct.

PIERCE & ASSOCIATES
Attorneys for Plaintiff
1 N. Dearborn Street - Suite 1300
Chicago, Il 60602
1-312-346-9088
Attorney Code 91220

PAM MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY

Exh A